IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BYRON BREKKE,

                    Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

No. 1:12-cv-01699-HZ

OPINION & ORDER

Jeffrey Hugh Baird
DELLERT BAIRD LAW OFFICE, PLLP
4346 SW Willow Street
Seattle, WA 98136

       Attorney for Plaintiff

Adrian L. Brown
U.S. ATTORNEY'S OFFICE, DISTRICT OF OREGON
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

Kathryn Ann Miller
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel

1 - OPINION & ORDER

701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104

Franco L. Becia
ASSISTANT REGIONAL COUNSEL
Social Security Administration
701 5th Avenue
Suite 2900 M/S 901
Seattle, WA 98104-7075

   Attorneys for Defendant

HERNANDEZ, District Judge:

   Byron L. Brekke brings this action pursuant to the Social Security Act (the "Act"), 42

U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social

Security (the "Commissioner"). The Commissioner determined Plaintiff was not disabled and

denied his application for disability insurance benefits ("DIB") and Supplemental Security

Income benefits ("SSIB") under Titles II and XVI of the Act, respectively. For the reasons set

forth below, the Commissioner's decision is AFFIRMED.

## PROCEDURAL BACKGROUND

   Plaintiff was born on July 20, 1956, and at the time of his alleged disability onset date,

October 1, 2006, was fifty years old. Tr. 12, 17. Plaintiff has a high school education and prior

work as a painter, deckhand, and dockworker. Tr. 17, 162. On March 6, 2009, Plaintiff

protectively filed for DIB and SSIB, alleging disability beginning on October 1, 2006. Tr. 10.

Plaintiff's claims were initially denied on July 23, 2009, and upon reconsideration on November

12, 2009. Id. A hearing was held on December 13, 2010, in Seattle, Washington, before

Administrative Law Judge ("ALJ") Gordon W. Griggs. Tr. 10, 19. On January 24, 2011, the

ALJ found Plaintiff was not disabled. Tr. 19. Plaintiff requested a review of the ALJ's decision,

2 - OPINION & ORDER

but the Appeals Council issued an order denying Plaintiff's request for review on July 19, 2012,

making the ALJ's decision the final decision of the Commissioner.  Tr. 5.  This appeal followed.

## FACTUAL BACKGROUND

The parties are familiar with the medical evidence and other evidence of the record.

Therefore, the evidence will not be repeated except as necessary to explain my decision.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if he is unable to "engage in any substantial gainful activity by

reason of any medically determinable physical or mental impairment which . . . has lasted or can

be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §

423(d)(1)(A).  Disability claims are evaluated according to a five-step procedure.  See Valentine

v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009).  The claimant bears the ultimate

burden of proving disability.  Id.

In the first step, the Commissioner determines whether a claimant is engaged in

"substantial gainful activity."  If so, the claimant is not disabled.  Bowen v. Yuckert, 482 U.S.

137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b).  In step two, the Commissioner

determines whether the claimant has a "medically severe impairment or combination of

impairments."  Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not,

the claimant is not disabled.  In step three, the Commissioner determines whether the impairment

meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges

are so severe as to preclude substantial gainful activity."  Yuckert, 482 U.S. at 141; see 20 C.F.R.

§§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively presumed disabled; if not, the

Commissioner proceeds to step four.  Yuckert, 482 U.S. at 141.  In step four, the Commissioner

determines whether the claimant, despite any impairments, has the residual functional capacity

("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If so, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one of the sequential proceedings, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 1, 2006. Tr. 12, Finding 2. At step two, the ALJ found Plaintiff had the "following severe impairments: psoriatic arthritis, right knee meniscus tear, right shoulder bicipital tendonitis, spinal stenosis and depression . . . ." Id., Finding 3. At step three, the ALJ found Plaintiff's impairments did not meet or equal the requirements of a listed impairment pursuant to 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 12, Finding 4.

At step four, the ALJ assessed Plaintiff as having the following RFC:

[C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with limitations. The claimant is able to lift twenty pounds maximum with frequent lifting or carrying of objects up to ten pounds. The claimant is also limited to occasional reaching overhead with the right dominant upper extremity, stooping, kneeling, crouching, crawling climbing ramps and stairs; never climbing ladders, ropes or scaffolds; and frequent balancing, handling and fingering bilaterally. He is additionally limited to tasks that can be learned in thirty days or less, involving no more than simple work-related decisions and few workplace changes. He is also limited to occasional and superficial contact with the public, although he is able to interact appropriately with small groups of familiar coworkers.

Tr. 14, Finding 5.

At step five, the ALJ found Plaintiff was not disabled because jobs existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of basket filler and assembler.  Tr. 18, Finding 10.

### STANDARD OF REVIEW

A court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's."  Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).  The initial burden of proof rests upon the claimant to establish disability.  Howard, 782 F.2d at 1486.  To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

### DISCUSSION

Plaintiff makes the following assignments of error: (1) the ALJ erred when finding him not credible; and (2) the ALJ erred when addressing the medical opinions concerning his physical impairments.[1]  Based on the ALJ's alleged errors, Plaintiff seeks an immediate award of

---

[1] Plaintiff only challenges the ALJ's findings regarding his physical impairments and does not specifically challenge the ALJ's findings regarding his mental impairments.

benefits.  Based on the reasons below, I conclude the ALJ did not err and therefore, Plaintiff is not entitled to an immediate award of benefits.

**I. Plaintiff's Credibility**

Plaintiff asserts the ALJ failed to provide clear and convincing reasons supported by substantial evidence in the record when finding him not credible.[2]  In deciding whether to accept subjective symptom testimony, an ALJ must perform two stages of analysis.  20 C.F.R. § 404.1529; Smolen v. Chater, 80 F3d 1273, 1281 (9th Cir. 1996) (citations omitted).  First, the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged.  Id. at 1281-82.  Second, absent a finding of malingering, as here, the ALJ may reject the claimant's testimony about the severity of his symptoms only by offering specific, clear and convincing reasons for doing so.  Id. at 1281.  The ALJ may consider "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities."  Id. at 1284.  The ALJ's overall credibility determination may be upheld even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld.  E.g., Batson v. Comm'r, 359 F.3d 1190, 1197 (9th Cir. 2004); Boyer v. Colvin, No. 3:12-cv-00392-SI, 2013 WL 3333060, at *6 (D. Or. 2013) (citation omitted).

Here, the ALJ found Plaintiff not credible because, among other things, Plaintiff "performed skilled work before and after [his alleged onset date]–work that he indicated required heavy exertion[;] . . . consistently performed his duties at work; took care of his personal needs;

---

[2] Plaintiff does not reply to the Commissioner's arguments concerning the ALJ's adverse credibility finding.

drove a vehicle; chopped wood; raked leaves; performed maintenance and minor engine repairs on his camper; and went shopping." Tr. 16. Plaintiff asserts the ALJ erred because he performed these activities out of necessity to pay rent, the ALJ failed to consider the pain he experienced after performing such activities, and the ALJ did not explain how Plaintiff's ability to perform these activities was inconsistent with his allegations of an inability to work on a regular and continuing basis.

Plaintiff's arguments fail. Here, Plaintiff stated that from the time he "wake[s] up until going to bed" he "works off [his] rent" in the winter by chop[ping] wood, run[ning] errands, [and] fix[ing] things around the house[,]" and in the summer by "[w]ater[ing] [the] garden, [running] errands, [and] fix[ing] things." Tr. 169. Medical notes of David Mashburn, Ph.D., one of Plaintiff's evaluating doctors, also documented Plaintiff stated that he "work[ed] for rent" by "wash[ing his landlord's] car, fix[ing] the barn, help[ing his landlord] with heating problems, [and] cut[ting] wood . . . ." Tr. 238. In addition to the above, Plaintiff also testified that he did his own laundry, drove his landlord's car, shopped around once a week for an hour at a time, cooked for himself and prepared his own meals–which he stated could take up to one hour, and went to the library "every other day" for "a couple of hours" because it was "something to do." Tr. 37-38, 171-72, 242. The record shows that Plaintiff even admitted to caring for his landlord's "two dogs[,] . . . four chickens, [and] one cat." Tr. 170.

The ALJ properly found Plaintiff's disabling pain allegations not credible based on his activities. See Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012) (where a claimant's "activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment") (citation omitted). The record shows that despite Plaintiff's allegations of

debilitating pain, Plaintiff paid his rent by working for his landlords and performed daily activities inconsistent with his allegations of totally debilitating impairments.  Under the circumstances here, Plaintiff's activities constitute a clear and convincing reason supporting the ALJ's adverse credibility determination.  See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) (where one of the ALJ's reasons for discounting credibility is invalid, the error is harmless if the remaining reasons and the ultimate credibility conclusion are supported by substantial evidence in the record); Batson, 359 F.3d at 1197 (so long as there remains substantial evidence to support the ALJ's findings on credibility, reliance on an invalid reason does not negate the ultimate credibility determination); Robinson v. Colvin, No. 6:12-cv-01032-ST, 2013 WL 3809572, at *6 (D. Or. 2013) ("The ALJ's overall credibility determination may be upheld even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld.") (Citing Batson, 359 F.3d at 1197).

The ALJ's adverse credibility finding was not erroneous.  The ALJ's finding that Plaintiff's subjective complaints were not credible is affirmed.

## II. Medical Opinions

Plaintiff asserts the ALJ failed to properly address the: (1) opinion of "a doctor whose name is not legible" ("Dr. Doe"); (2) the opinions of Stephen Fish, M.D., and Johannes Dankers, M.D., two of Plaintiff's treating physicians; and (3) Dan Phan, M.D., one of Plaintiff's examining doctors.  Plaintiff contends that because he is limited to sedentary work, the ALJ erred when concluding he had the RFC to do light work.

The weight given to the opinion of a physician depends on whether it is from a treating physician, an examining physician, or a non-examining physician.  See Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007).  More weight is given to the opinion of a treating physician who has a

greater opportunity to know and observe the patient as an individual.  Id.  "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician."  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (citations omitted).  If a treating or examining physician's opinion is not contradicted by another physician, the ALJ may only reject it for clear and convincing reasons.  Id.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  Id.  If the opinion of a treating or examining doctor is contradicted by another doctor, the ALJ may reject it by providing specific and legitimate reasons supported by substantial evidence in the record.  Id. at 830-31 (citation omitted); Engelhardt v. Colvin, No. 6:12-CV-00668-BR, 2013 WL 3894950, at *5 (D. Or. 2013) ("An ALJ may reject a treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record.") (Citations and internal quotation marks omitted).

Here, the record shows that although Dankers–one of Plaintiff's treating doctors–concluded Plaintiff was totally disabled and unable to do any work, two other doctors–Fish and Dr. Doe, concluded Plaintiff was capable of performing sedentary work.  Tr. 213, 218, 375.  In addition, contrary to Dankers' opinion that Plaintiff is completely disabled, Phan concluded Plaintiff was capable of work.  Tr. 249.  Because Dankers' opinion  contradicted the opinions of Fish, Dr. Doe, and Phan, the ALJ was required to provide specific and legitimate reasons supported by substantial evidence in the record when rejecting Dankers', Fish's, and Phan's opinions.

/ / /

**A. Fish**

Fish was one of Plaintiff's treating physicians who concluded in February 2009 that Plaintiff was limited to sedentary work.  Tr. 216.  The ALJ gave Fish's opinion "limited weight", concluding that when "determining that [Plaintiff] could perform work at a medium exertional level in August of 2008 and at a sedentary exertional level in March of 2008 (4F;5F), the State Agency doctors failed to accord the objective evidence and the claimant's testimony appropriate weight (10F)."  Tr. 16.  The ALJ also stated that Plaintiff was not limited to sedentary work because the "objective evidence and the claimant's subjective complaints" warranted higher exertional limitations.  Id.

Plaintiff does not specifically argue that the ALJ failed to address the functional limitations set forth in Fish's opinion.  Rather, Plaintiff asserts the ALJ erred by failing to adopt Fish's conclusion that Plaintiff was limited to sedentary work.  Specifically, Plaintiff contends the ALJ erred by failing to address Fish's February 2009 conclusion that Plaintiff was limited to sedentary work and by failing to acknowledge Fish as Plaintiff's treating physician.  Plaintiff's arguments lack merit.

Plaintiff cites no authority, and I find none, holding that an ALJ commits reversible error simply when he fails to explicitly acknowledge a physician as a claimant's treating physician.  Moreover, contrary to Plaintiff's assertion, the record shows the ALJ recognized Fish as one of Plaintiff's treating physicians.  For example, the ALJ stated, "[Plaintiff's] treating physician's notes after [Plaintiff's] 2007 visit to the ER show[ed] normal findings and that [Plaintiff] was in 'no acute distress.'"  Tr. 15.  In the sentence immediately following this statement, the ALJ expressly referred to Fish's medical notes showing Plaintiff was in "no acute distress".  Id.  A careful review of the record shows that consistent with the ALJ's findings, Fish treated Plaintiff

and repeatedly documented after 2007 that Plaintiff was in "no acute distress". Tr. 332, 334, 337, 339, 340, 341, 342.

In addition, the ALJ expressly cited Fish's February 2009 conclusion limiting Plaintiff to only sedentary work. Tr. 16. As discussed above, Plaintiff admitted he paid his rent by working for his landlords, which included chopping wood, running errands, fixing things around the house, watering the garden, and washing his landlords' cars. Tr. 169, 242. Plaintiff also testified that he did his own laundry, did his own shopping, prepared his own meals, and visited the library every other day for a couple of hours at a time because it was "something to do". Tr. 37-38. The record also shows Plaintiff cared for his landlord's dogs, chickens, and cat. Tr. 170-72. Plaintiff's self-reported activities support the ALJ's conclusion that the objective evidence did not support Fish's conclusion that Plaintiff was limited to only sedentary work.

I also find it worth noting that Fish's conclusion limiting Plaintiff to sedentary work was effectively a vocational rather than a medical opinion reserved to the Commissioner. Accordingly, the ALJ was not required to give such an opinion controlling weight. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability") (citation omitted); see also Steiner v. Colvin, No. 6:11-cv-06425-JE, 2013 WL 3791480, at *11 (D. Or. 2013) (concluding that plaintiff's treating doctor's opinion that plaintiff could not sustain sedentary work was effectively a vocational opinion reserved to the Commissioner) (citations omitted); Cribbs v. Astrue, No. 1:11-cv-00654-AWI-SMS, 2012 WL 4090186, at *14 (E.D. Cal. 2012) (stating that the treating doctor's opinion limiting plaintiff to sedentary work was not cognizable since such a determination was reserved to the Commissioner); Osborn v. Astrue, No. C10-274-RSL-JPD, 2010 WL 4366055, at *9 (W.D. Wash. 2010) (stating that the treating

physician's opinion that plaintiff was disabled was not binding on the ALJ because it constituted

an ultimate determination of disability reserved to the Commissioner) (citations omitted).

The ALJ gave specific and legitimate reasons supported by substantial evidence in the

record when discounting Fish's conclusion that Plaintiff was limited to sedentary work.

**B. Phan**

Plaintiff contends the ALJ erred by only "generally" referring to Phan's opinion.

Opening Br., p. 8.  I disagree.

Phan examined Plaintiff on June 19, 2009, and diagnosed Plaintiff with "[s]houlder,

[k]nee and [h]ips [a]rthritis".  Tr. 248-49.  Phan concluded Plaintiff "should avoid works

required [sic] frequent jogging, running, bending, and stooping, and heavy lifting and carrying."

Tr. 249.  Phan also concluded that although Plaintiff's "ability to use arms and hands for gross

and fine manipulation [were] intact[,] . . . he should avoid repetitive works, and works required

[sic] frequent reaching, pushing and pulling."  Id.  The ALJ specifically addressed Phan's

opinion, giving it "limited weight" because "Dr. Phan's statement that [Plaintiff's] ability to use

arms and hands for gross and fine manipulation is intact' [sic] [was] inconsistent with

[Plaintiff's] testimony and treatment notes."  Tr. 17.

As discussed above, Plaintiff testified that to pay his rent, he drove his landlords around,

worked on the properties, did "garden work", and raked leaves.  Tr. 36-37, 43.  Plaintiff also

testified that he cooked for himself, did his own laundry, and went to the library every other day

for a couple of hours.  Tr. 37, 38.  The ALJ properly discounted Phan's opinions because they

were inconsistent with Plaintiff's self-reported activities.  See Andrews v. Shalala, 53 F.3d 1035,

1043 (9th Cir. 1995) (ALJ's rejection of examining doctor's opinion was supported by specific,

legitimate reasons where claimant's testimony was inconsistent with examining doctor's opinion).

The ALJ also provided an adequate basis for rejecting Phan's opinions because they were inconsistent with Phan's treatment notes.  The ALJ may reject a doctor's opinion that is inconsistent with his own "clinical notes" and "other recorded observations".  See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005).  Here, the record shows that despite stating that Plaintiff "does all of his activities of daily living including household works and gardening[,]" Plaintiff's "ability to use arms and hands for gross and fine manipulation is intact[,]" Plaintiff had "no problem with pushing, pulling and reaching", Plaintiff had "no apparent distress", and Plaintiff had no "problem ambulating in and out of the office [or] . . . participating in the examination", Phan concluded that Plaintiff "should avoid repetitive works, and works required [sic] frequent reaching, pushing and pulling."  Tr. 247-49.  Substantial evidence supports the ALJ's conclusion that Phan's conclusions were inconsistent with his own clinical notes and recorded observations.

In sum, the ALJ provided specific, legitimate reasons supported by substantial evidence in the record when discounting Phan's opinions.

**C. Dankers**

Dankers was one of Plaintiff's treating doctors who concluded that Plaintiff "[c]an't sit for > 15 min" because of his "back and leg pain" and concluded that Plaintiff had "restricted mobility, agility or flexibility" with regards to bending, climbing, crouching, handling, kneeling, pulling, pushing, reaching, sitting, and stooping.  Tr. 374-75.  Dankers also concluded that Plaintiff was completely disabled.  Tr. 375.  The ALJ "considered Dr. Dankers' opinion . . . [but gave] it limited weight, since it [was] not supported by objective evidence and [was] inconsistent

with the treatment notes, [Plaintiff's] activities, and [Plaintiff's] observed behavioral presentation at the hearing." Tr. 17.

Plaintiff's testimony that he performed various jobs to pay off his rent, was able to cook and do his own laundry, and went to the library for hours at a time to occupy his time are inconsistent with Dankers' opinion that Plaintiff is completely disabled. Tr. 36-38, 43. In addition, the record shows that contrary to Dankers' conclusion that Plaintiff could not sit for more than fifteen minutes at a time, Fisher's treatment notes consistently showed Plaintiff could "sit[] comfortably on the chair in [no acute distress]." Tr. 332, 334, 339-43. Because Dankers' opinions were inconsistent with Plaintiff's self-reported activities and were inconsistent with the other treating notes in the record, the ALJ provided legally sufficient reasons supported by substantial evidence in the record when discounting Dankers' opinions. See Andrews, 53 F.3d at 1043.

In sum, the ALJ provided legally sufficient reasons supported by substantial evidence in the record when finding Plaintiff was not credible and when addressing the medical opinions in the record.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

Dated this 29 day of Aug , 2013.

MARCO A. HERNANDEZ
United States District Judge

14 - OPINION & ORDER